UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**YAMARIS QUILES**,                                                                                        Case No.:

    Plaintiff,

v.

**CARRFOUR SUPPORTIVE HOUSING, INC,**

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiff, YAMARIS QUILES ("**Plaintiff**" and/ or "**QUILES**"), by and through undersigned counsel, sues Defendant, CARRFOUR SUPPORTIVE HOUSING, INC (hereinafter "**Defendant**" and/or "**CARRFOUR**"), and alleges as follows:

**NATURE OF ACTION**

1. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII); and the Florida Civil Rights Act §760.01, et seq., Florida Statutes (FCRA); to redress unlawful employment practices toward Plaintiff, including but not limited to discrimination and discharge from employment.

**JURIDICTION AND VENUE**

2. This court has juridiction pursuant to 28 U.S.C. § 1331Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII).

3. The Southern District of Florida, Miami Division is proper under 28 U.S.C. § 1391 (b)(1) because Defendant is a resident of, has agents, and/ or transacts their affairs in this district.

4. Venue is proper because under 28 U.S.C. § 1391 (b)(2) because all or a substantial part of the events giving rise to this cause occurred in this district.

## PARTIES

5. Plaintiff is an individual residing in Broward County.

6. Plaintiff is and was a resident of Broward County, Florida for all times relevant to this action.

7. At all times relevant to this action, Plaintiff was an employee of Defendant.

8. Defendant is a Not for Profit Corporation authorized to conduct business in the State of Florida and in Miami-Dade, Florida.

## STATEMENT OF FACTS

9. Plaintiff brings forth this action in Federal Court pursuant to Title VII and FCRA.

10. Plaintiff is an individual woman.

11. In or around 2007, CARRFOUR hired QUILES and she began her employment as Defendant's Program Director.

12. Throughout her employment, Plaintiff QUILES maintained a position of leadership with Defendant.

13. At all relevant times, Defendant and its leadership team considered Plaintiff QUILES to be an exemplary employee.

14. At all relevant times to this action, Defendant's Chief Executive Officer, SETH EISENBERG (hereinafter referred to as "**EISENBERG**") held direct supervisory authority over Plaintiff QUILES.

15. At all relevant times to this action, EISENBERG held the authority to hire, fire and/or otherwise alter the terms of Plaintiff QUILES' employment.

16. At all relevant times to this action, Defendant's EISENBERG made discriminatory comments to Claimant QUILES and other female employees.

17. By way of example, EISENBERG referred to women as "**STUPID**" and "**INCOMPETENT**."

18. In or around February 2019, Claimant QUILES formally informed Defendant's EISENBERG of her pregnancy.

19. Immediately following the announcement of her pregnancy, EISENBERG began treating Plaintiff harshly.

20. At all relevant times to this action, QUILES made Defendant and EISENBERG aware of her intention to continue working throughout her pregnancy and after maternity leave.

21. At all relevant times to this action, QUILES continued working and was able to carry out all duties associated with her position at Defendant.

22. At all relevant times to this action, EISENBERG began referring to QUILES' pregnancy as "YOUR STATE." EISENBERG directed Claimant QUILES to "GO TALK TO HUMAN RESOURCES ABOUT YOUR STATE."

23. EISENBERG openly discussed Plaintiff's pregnancy with some of Defendant's other employees.

24. At relevant times to this action, EISENBERG treated Claimant QUIILES differently based on her gender and pregnancy.

25. At all relevant times to this action, EISENBERG made discriminatory comments about women in the presence of Plaintiff. By way of example EISENBERG stated to Plaintiff, "**WOMEN ARE STUPID**," "**WOMEN ARE IDIOTS**", "**WOMEN ARE INCOMPETENT.**"

26. In or around March 2019, shortly after QUILES' pregnancy announcement, without reason, Defendant denied QUILES her annual raise. Defendant failed to provide QUILES a legitimate reason for the denial of her 2019 annual raise.

27. In or around March 2019, QUILES informed EISENBERG of the denial of her annual raise, EISENBERG responded by informing Claimant QUILES, "THE RAISE IS UP IN THE AIR."

28. Prior to Plaintiff's pregnancy announcement, QUILES held great responsibility and was trusted by Defendant and EISENBERG. Slowly, Defendant began restructuring Plaintiff's position and gave her duties to an employee who was not pregnant.

29. Shortly after QUILES' pregnancy announcement, EISENBERG began questioning QUILES' performance and micromanaged her work, while making constant criticisms related to Claimant QUILES' "STATE."

30. At all relevant times, QUILES complained to Human Resource Officer regarding EISENBERG'S discriminatory comments about her gender and her pregnancy and explicitly outlined the accompanying conduct.

31. At all relevant times to this action, Defendant, EISENBERG, Defendant's Human Resource Officer was on notice of gender and pregnancy discrimination and made no attempt to correct the unlawful conduct.

32. As a result of QUILES' complaint, Defendant removed QUILES from her position and made her position a remote position. As a result of the move to remote, QUILES was not able to adequately supervise employees.

33. During this time, Defendant continued removing Plaintiff's and redistributed them to other members of Respondent's leadership team.

34. At all relevant times, QUILES objected to the EISENBERG'S discriminatory comments and conduct and opposed Defendant's retaliatory actions.

35. At all relevant times, EISENBERG regularly harassed and berated QUILES in the presence of Defendant's employees.

36. Plaintiff suffered and continues to suffer as a result of Defendant's conduct. Plaintiff has anxiety and difficulty sleeping.

37. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

38. Plaintiff received the Notice of Suit Rights from the EEOC.

39. Plaintiff claims actual discharge.

40. Defendant discriminated against Plaintiff on the basis of Plaintiff's pregnancy. Defendant retaliated against Plaintiff for Plaintiff's complaints of discrimination.

41. That as a result of Defendant's conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

42. Plaintiff suffers from regular panic attacks and nightmares relating to Defendant's conduct.

43. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

44. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional and physical distress.

45. Plaintiff further claims aggravation, activation and exacerbation of a preexisting condition.

46. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower Courts.

47. Defendant's conduct has been malicious, willful, and/or outrageous, and conducted with full knowledge of and reckless indifference of the law. As such, Plaintiff demands Punitive Damages as against Defendant.

48. The above are just some of the examples of the discrimination and retaliation to which Defendant subjected Plaintiff.

## AS A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII

49. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 48 of this complaint.

50. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

51. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her sex.

52. Defendant's employees regularly made comments about Plaintiff QUILES' pregnancy.

53. Defendant's EISENBERG harassed Plaintiff based on her gender and her pregnancy.

54. Defendant treated Plaintiff QUILES' less favorably than similarly situated employees outside the protected class.

55. Plaintiff exhausted her administrative remedies, including timely filing her complaint with the EEOC and filing her claim in this Court within 90 days of receiving her right-to-sue letter.

56. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

57. Defendant violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

   a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

   b. Issue an order prohibiting further discrimination; and

   c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

   d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

   e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

### AS A SECOND CAUSE OF ACTION
### RETALIATION UNDER TITLE VII

58. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 48 above.

59. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

60. Plaintiff is a woman and, as such, a member of a protected class under Title VII.

61. Plaintiff QUILES complained to Defendant's Human Resource Officer about how EISENBERG treated he as a result of her complaints of discrimination.

62. Plaintiff complained to the comments about the harsh comments and the conduct in retaliation to her complaints to Defendant's Human Resource officer.

63. Plaintiff engaged in protected activity such as complaining about discrimination based on her gender.

64. Shortly after Plaintiff made her discrimination and retaliation complaints, Defendant began removing Plaintiff's job duties and assigned her to be a remote employee.

65. Plaintiff exhausted her administrative remedies, including timely filing her complaint with the EEOC and filing her claim in this Court within 90 days of receiving her right-to-sue letter.

66. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

   **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

    a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A THIRD CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER TITLE VII

67. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 48 above.

68. The Civil Rights Act of 1964 prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

69. Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

70. The harassing conduct was directly connected to Plaintiff gender.

71. Plaintiff did not welcome Defendant's employees conduct or comments.

72. Defendant delegated EISENBERG the supervisory authority to control Plaintiff QUILES' work environment. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to Plaintiff QUILES working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

73. As a result of Defendant's violations of The Civil Right Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

    **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

    a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

    b. Issue an order prohibiting further discrimination; and

    c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

    d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FOURTH CAUSE OF ACTION
## DISCRIMINATION UNDER FCRA

74. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 48 above.

75. This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her state rights under the Florida Civil Rights Act ("FCRA"), to include the remedies in §760.01, et seq., Florida Statutes.

76. Plaintiff is an individual of woman and is therefore a member of protected classes within the meaning of the applicable law.

77. At all times relevant, Plaintiff was an employee under the FCRA.

78. Plaintiff is and was protected against discrimination under the FCRA.

79. At all times relevant to this action, Plaintiff was qualified to do her job and other jobs at Defendant.

80. At all times relevant, Defendant treated Plaintiff differently because of her gender and her pregnancy.

81. Defendant's discrimination against Plaintiff was willful or with reckless indifference to his protected rights.

82. Plaintiff has been damaged as a direct and proximate result of Defendant's unlawful employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FIFTH CAUSE OF ACTION
## RETALIATION UNDER FCRA

83. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 48 above.

84. Defendant took adverse employment actions against Plaintiff because she complained about the gender discrimination and hostile work environment; i.e., because she engaged in activities protected by the FCRA.

85. Defendant removed Plaintiff's duties within weeks of her formal complaint of gender discrimination and hostile work environment.

86. These retaliatory actions against Plaintiff would deter a reasonable person from making or maintaining a complaint of discrimination or harassment against Defendant.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

      a. Declare that Defendant has unlawfully retaliated against Plaintiff in violation of the FCRA; and

      b. Issue an order prohibiting further retaliation; and

      c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

      d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

      e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SIXTH CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER FCRA

87. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 48 above.

88. The Florida Civil Rights Act prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

89. Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered, and that the working environment was intimidating, hostile or abusive.

90. The harassing conduct was directly connected to Plaintiff race and gender.

91. Defendant delegated EISENBERG the supervisory authority to control Plaintiff's n work environment. Defendant abused that authority by creating a hostile work environment. A

reasonable person subjected to Plaintiff's working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

92. As a result of Defendant's violations of FCRA, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:  Miami, Florida
        December 15, 2020

**DEREK SMITH LAW GROUP, PLLC**
Attorneys for Plaintiffs

/s/Tiffani-Ruth I. Brooks, Esq.
tiffani@dereksmithlaw.com
701 Brickell Avenue, Suite 1310
Miami, FL 33186
(305) 946-1884